**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARTIN R. TACCETTA,                :
                                   :    Civil Action No. 05-4770 (GEB)
              Plaintiff,           :
                                   :
       v.                          :    **OPINION**
                                   :
CHRISTOPHER J. CHRISTIE,           :
et al.,                            :
                                   :
              Defendants.          :

**APPEARANCES:**

Plaintiff <u>pro se</u>
Martin R. Taccetta
SBI # 165492A
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625-0861

RECEIVED

MAY 9 2006

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

**BROWN, JR.**, Chief Judge

     Plaintiff Martin R. Taccetta , a prisoner currently confined
at New Jersey State Prison in Trenton, New Jersey, seeks to bring
this action pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six</u>
<u>Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971), alleging
violations of his constitutional rights.

     At this time, the Court must review the Complaint to
determine whether it should be dismissed as frivolous or
malicious, for failure to state a claim upon which relief may be
granted, or because it seeks monetary relief from a defendant who
is immune from such relief.

I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that several Defendants conspired against him during his arrest, indictment and prosecution for the murder of David Dowd, Jr., in 1976, for which Plaintiff ultimately was acquitted.

Plaintiff also alleges that in the mid-1980's he was indicted and later tried, in 1993, for the 1984 murder of Vincent Craporatta and other crimes including racketeering and theft by extortion.  Plaintiff was convicted of all charges except the murder.  Plaintiff contends that he was prosecuted and convicted on the basis of perjured testimony, and that certain defendants knew of the perjury before Plaintiff was sentenced to life in prison on October 19, 1993.  Plaintiff contends that the defendants here conspired to suppress evidence of his innocence. In support of his allegations, Plaintiff proffers several affidavits, including an affidavit by witness Thomas Ricciardi, who alleges that he informed authorities of Plaintiff's innocence before Plaintiff's sentencing and that those authorities told him to remain silent.  Plaintiff also has received several FBI reports corroborating Ricciardi's statement.

Plaintiff also contends that certain state and federal officials, defendants here, conspired to indict and prosecute

2

Plaintiff for witness tampering, charges that were later dropped, knowing the charges were false.

In addition to the officials involved in these prosecutions, Plaintiff names as defendants certain officials who have more recently refused to provide Plaintiff with requested documentation about his trials.  These defendants include such persons as former New Jersey Attorney Generals Peter C. Harvey and John J. Farmer, Jr., and U.S. Attorney Christopher J. Christie.

Plaintiff contends that he was maliciously prosecuted on these three sets of charges and that the defendants have conspired to cover up the malicious prosecutions.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United

3

States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must
"accept as true all of the allegations in the complaint and all
reasonable inferences that can be drawn therefrom, and view them
in the light most favorable to the plaintiff."  Morse v. Lower
Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court
need not, however, credit a pro se plaintiff's "bald assertions"
or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis
either in law or in fact."  Neitzke v. Williams, 490 U.S. 319,
325 (1989) (interpreting the predecessor of § 1915(e)(2), the
former § 1915(d)).  The standard for evaluating whether a
complaint is "frivolous" is an objective one.  Deutsch v. United
States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a
claim only if it appears "'beyond doubt that the plaintiff can
prove no set of facts in support of his claim which would entitle
him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v.
Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d
371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a
district court may not dismiss the complaint with prejudice, but
must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34
(1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d
Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane

4

v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   Bivens v. Six Unknown Agents

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.  The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and under the equal protection component of the Fifth Amendment's Due Process Clause, see Davis v. Passman, 442 U.S. 228 (1979).  But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation." Schreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) (citing Schweiker v. Chilicky, 487 U.S. 412 (1988).

### IV.   SECTION 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within

5

> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.  West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.

1994).

## V.  ANALYSIS

The claims that Plaintiff asserts here, regarding charges

that were either dropped or of which he was acquitted, previously

were asserted in Taccetta v. Mercun, Civil Action No. 03-2599

(GEB), and were dismissed with prejudice as time-barred.[1]

Accordingly, all such claims asserted here must be dismissed as

frivolous.  See, e.g., Marin v. Department of Defense, 145

Fed.Appx. 754, 2005 WL 2009027 (3d. Cir. Aug. 23, 2005)

(dismissing, as frivolous, appeal by in forma pauperis appellant

of District Court's dismissal of previously-litigated claims on

basis of doctrine of res judicata).

---

[1] While the claims are essentially the same, there is not an
exact identity of defendants.

Plaintiff has added to the Complaint, here, a few new facts and allegations regarding recent unsuccessful efforts to obtain documents.  Such facts do nothing to alter the time-barred nature of the claims.

To the extent Plaintiff seeks to assert a claim of malicious prosecution related to the charges of which he was convicted, that claim is premature until such time as his conviction has been overturned or otherwise invalidated.  See Heck v. Humphrey, 512 U.S. 477 (1994).

## VI.   CONCLUSION

For the reasons set forth above, the Complaint must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.  It does not appear that Plaintiff can amend the Complaint to state a claim at this time.  An appropriate order follows.

_____
Garrett E. Brown, Jr.
Chief Judge
United States District Court

Dated:  May 9, 2006

7